



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Ayn B. Ducao* | *Suite 400* | *DIRECT: 410-209-4819* |
| *Assistant United States Attorney* | *36 S. Charles Street* | *MAIN: 410-209-4800* |
| *Ayn.Ducao@usdoj.gov* | *Baltimore, MD 21201-3119* | *FAX: 410-962-3091* |

May 16, 2019

Robert C. Bonsib, Esquire
MarcusBonsib, LLC
6411 Ivy Lane
Suite 116
Greenbelt, MD 20770

     Re:   United States v. James Morris, Jr.,
           Criminal No. TBD  GLR 19-306

Dear Mr. Bonsib:

     This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, James Morris, Jr. (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by May 29, 2019, it will be deemed withdrawn. The terms of the Agreement are as follows:

Offense of Conviction

1.    The Defendant agrees to plead guilty to Count One of the Information to be filed against him, which will charge him with Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

Elements of the Offense

2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

     a.    That on or about the time alleged in the Information, in whole or in part in the District of Maryland,

     b.    The Defendant intended to commit the crime of Enticement of a Minor;

c.    The Defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.[1]

Penalties

3.    The maximum penalty provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| COUNT | STATUTE | MAND. MIN. IMPRISON- MENT | MAX IMPRISON- MENT | MAX SUPERVISED RELEASE | MAX FINE | SPECIAL ASSESSMENT |
|---|---|---|---|---|---|---|
| One | 18 U.S.C. § 2422(b) | 10 years | Life | Lifetime | $250,000 | $100 and $5,000 (see below) |

a.    Prison:  If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b.    Supervised Release:  If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment up to the entire original term of supervised release if permitted by statute, followed by an additional term of supervised release.

c.    Restitution:  The Court shall order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664 and § 2259.

d.    Payment:  If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d).  The Defendant may be required to pay interest if the fine is not paid when due.

e.    Forfeiture:  The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f.    Collection of Debts:  If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt.  If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to

[1]  The elements of the crime of Enticement of a Minor are: (1) the Defendant used a facility of interstate commerce; (2) the Defendant knowingly persuaded or induced or enticed or coerced the victim to engage in sexual activity; (3) this sexual activity would violate criminal law, and (4) the victim was less than eighteen years old at the time of the offense.

Rev. August 2018                    2

collect on the total amount of the debt as provided by law.  Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control.  Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns.  The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

       g.     Additional Special Assessment:  the Defendant must also pay an additional special assessment of $5,000, unless the defendant is indigent, pursuant to 18 U.S.C. § 3014.

### Waiver of Rights

4.     The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

       a.     If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

       b.     The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him.  By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

       c.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

       d.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

       e.     The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify.  If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

f.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

h.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

i.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein, and to the following applicable sentencing guidelines factors:

**Count One (Attempted Enticement of a Minor)**

      a.     The base offense level is twenty eight (28) pursuant to U.S.S.G. § 2G1.3(a)(3).

      b.     Pursuant to U.S.S.G. § 2G1.3(b)(2), there is a two (2) level increase because the offense involved the of a computer to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct.

      c.     Thus, the adjusted offense level for Count One is 30.

      d.    **ACCEPTANCE**

      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office will make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. ~~Accordingly, after acceptance of responsibility, the adjusted offense level is 36 or 38.~~

      **Thus, the final adjusted offense level is** ~~28.~~ 27 *[handwritten annotations]*

7.     There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8.     Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### The Defendant's cases in Talbot County Circuit Court

9.     On March 29, 2019, the Defendant pled guilty in the Circuit Court for Talbot County, Maryland to the following cases:

      a.  C-20-CR-18-000018:   one count of Sex Offense in the 2nd degree for performing fellatio upon a boy approximately seven years old at the time in the early 1990s

      b.  C-20-CR-18-000148:   one count of possession of child pornography during the fall of 2017

    c.   C-20-CR-18-000203:   two counts of Sex Offense in the 2nd degree for performing fellatio on two different boys approximately seven years old at the time in the early 1990s

    d.   C-20-CR-18-000204:   one count of Sex Offense in the 2nd degree for anal intercourse with a boy approximately fourteen years old at the time in the mid 1980s

    e.   C-20-CR-18-000205:   one count of attempted Sex Offense in the 2nd degree involving fellatio upon a boy approximately eleven years old at the time in the early 1990s

    f.   C-20-CR-18-000206:   one count of solicitation of child porn fall 2017 - your victim

10.    The Defendant agrees that, after sentencing in the instant case, he will be sentenced in the Talbot County case.

### Rule 11 (c) (1) (C) Plea

11.    The parties reach this agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agrees that a sentence of **sixty (60) years imprisonment** in the custody of the Bureau of Prisons is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

### Obligations of the Parties

12.    At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office reserves the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office deems relevant to sentencing, including the conduct that is the subject of any counts of the Superseding Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

13.    It is a material part of this Agreement that this Office and the Office of the State's Attorney for Talbot County will execute necessary documents to ensure that the Defendant serves his state and federal sentences concurrently with the federal Bureau of Prisons.

## Waiver of Appeal

14.    In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute.

b.    The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

(i)    The Defendant reserves the right to appeal any sentence that exceeds 60 years imprisonment; and

(ii)    This Office reserves the right to appeal any sentence that is below 60 years imprisonment.

c.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Restitution

15.    Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, the Defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the Defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The Defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the Defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the Defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

16.    The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses.  The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation.  The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith.  Any payment schedule imposed by the Court establishes only a minimum obligation.  The Defendant will make a good faith effort to pay any restitution.  Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time.  The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation.  The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution.  If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

## Forfeiture

17.    a.    The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

b.    The Defendant agrees to consent to the entry of orders of forfeiture for the property described in the two above subparagraphs and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

c.    The Defendant agrees to assist fully in the forfeiture of the above property.  The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

d.    The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint.  The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Sex Offender Registration

18.     The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence.  Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

<u>Defendant's Conduct Prior to Sentencing and Breach</u>

19.     a.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

        b.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea.  The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement.

<u>Entire Agreement</u>

20.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant.  There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement.  No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

By: _____/s/_____
Ayn B. Ducao
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

7/16/19
Date

James Morris
James Morris, Jr.

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

7/16/19
Date

Robert C. Bonsib, Esquire

## ATTACHMENT A - STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

James Morris, Jr. (the "Defendant"), age 70, is a Cordova, Maryland resident.  On September 29, 2017, the Maryland State Police (MSP) received a Cybertip from the National Center for Missing and Exploited Children alleging sexual abuse of multiple minor victims by a member of the Cordova Volunteer Fire Department, who was identified as the Defendant.  MSP's investigation into this Cybertip eventually led to MSP obtaining a search warrant for the Defendant's at 11994 Cordova Road, Cordova, Maryland.

On November 30, 2017, law enforcement executed the search warrant at the Defendant's residence and seized several electronic devices.  A review of these electronic devices pursuant to the search warrant showed that the Defendant utilized the Yahoo email address iasmith@19758@yahoo.com. MSP obtained a search warrant for this Yahoo email address. The results from Yahoo pursuant to that search warrant showed that the Defendant used the Yahoo email address iasmith@19758@yahoo.com to correspond to an advertisement placed on the website Craigslist titled "Underage boy looking for daddy – m4m." This Craigslist advertisement was placed by a seventeen-year-old minor male victim ("Victim") who lives in Virginia.

The online conversation between the Defendant and Victim on November 3, 2017 included the Defendant asking "Can I see a pic of your cock" and the Victim then sending a photo of his erect penis.  The Defendant then responds "mmm very nice would really like to meet you. ; Are you ever available during the weekdays during the day.  Maybe I could come down there in the morning for a couple of hours."  The Victim then answered affirmatively.  Later during the conversation, he Defendant asked the Victim "Have you ever done anything with another guy yet at all" and also asks "Ok so are you ok with bottoming.  Question.  Will you shave your pubes before icome."  The Defendant then suggests meeting Wednesday or Thursday.  The Victim answers that "Thursday is fine."  The Defendant says he will leave around 8 am.  The Defendant asks "Can I get a pic of your boy pussy" and the Victim sends an image of his anus.

The conduct of the Defendant with respect to the Victim described above regarding the Defendant's solicitation of the image of the Victim's erect penis constituted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

On March 29, 2019, the Defendant pled guilty in the Circuit Court for Talbot County, Maryland to the following cases:

        a.  C-20-CR-18-000018:   one count of Sex Offense in the 2nd degree for performing fellatio upon a boy approximately seven years old at the time in the early 1990's.

        b.  C-20-CR-18-000148:   one count of possession of child pornography during the fall of 2017.

c.  C-20-CR-18-000203:   two counts of Sex Offense in the 2nd degree for performing fellatio on two different boys approximately seven years old at the time in the early 1990's.

d.  C-20-CR-18-000204:   one count of Sex Offense in the 2nd degree for anal intercourse with a boy approximately fourteen years old at the time in the mid-1980's.

e.  C-20-CR-18-000205:   one count of attempted Sex Offense in the 2nd degree involving fellatio upon a boy approximately eleven years old at the time in the early 1990's.

f.  C-20-CR-18-000206:   one count of solicitation of child porn fall 2017.

The Defendant's sexual abuse of minor victims spanned several decades, including during the time when the Defendant was Chief of the Cordova Volunteer Fire Department. The victims reported that they met the Defendant in a variety of ways, including through the Defendant's role as a bus driver for the Talbot County Public Schools and as a Little League umpire.

The use of the website Craigslist and the online conversation between the Defendant and the Victim involved using the Internet, which involves the use of interstate and foreign commerce.

SO STIPULATED:

Ayn B. Ducao
Assistant United States Attorney

James Morris, Jr.
Defendant

Robert C. Bonsib, Esquire
Counsel for Defendant

2